## CIRCUIT COURT OF LOUDOUN COUNTY

Hudson Supply
and Equipment Co.

v.

Rob't B. Heap, Inc., et al.

Case No. (Law) 12679

By JUDGE JAMES H. CHAMBLIN

October 2, 1991

This case is before the Court on the motion of the plaintiff, Hudson Supply and Equipment Co., Inc. ("Hudson") for summary judgment against the defendant, Aetna Casualty and Surety Co. ("Aetna"). After argument on September 6, 1991, the Court requested, and counsel supplied, all the discovery upon which the motion is based. The Court has also read the memoranda filed by counsel.

The motion for summary judgment is denied.

Under Rule 3:18 summary judgment could be granted at this time only on the basis of the admissions in the proceedings by the party against whom summary judgment is .requested. Admissions by one defendant cannot be used as the basis for summary judgment against another defendant. Summary judgment is not available when any material fact is genuinely in dispute between the party seeking summary judgment and the party against whom summary judgment is requested.

Hudson seeks summary judgment against Aetna on the basis of the admissions contained in answers to interrogatories and responses to requests for admissions propounded to another defendant, Rob't B. Heap, Inc. ("Heap"). Although Aetna in its answers to interrogatories and responses

to requests for admissions propounded to it by Hudson has admitted a portion of the matters admitted by Heap (e.g., Heap was a subcontractor on the project and the accuracy of the payment bond), Aetna has not admitted all the facts upon which summary judgment could be granted. Aetna has not admitted the existence of the contract between Heap and Hudson or that Hudson supplied the materials claimed or that Hudson has not been paid. The discovery as to the notice given by Hudson to the general contractor is contained in Hudson's (not Aetna's) responses of Aetna's request for production of documents. Aetna is not bound by documents produced by Hudson during discovery.

Hudson has raised no issue as to the sufficiency of Aetna's answers to interrogatories or responses to requests for admissions. Hudson would be in a difficult position to do so now when it argues for summary judgment on the basis of the discovery responses of Aetna.

Hudson's argument that Aetna needs no more discovery as to the materials actually delivered to the job because in-house counsel for the general contractor participated in answering Hudson's interrogatories to Aetna is not persuasive. This Court cannot speculate about what counsel may know or even should know. The burden is upon Hudson to prove the delivery of the materials. It cannot merely say that Heap has admitted the delivery of the materials; therefore, the burden now shifts to Aetna to present something in discovery to rebut a presumption of delivery of the materials. Aetna has properly responded to such discovery requests as permitted under Rule 4:11.

This Court cannot accept representations of counsel outside the actual discovery itself. It cannot accept what in-house counsel for the general contractor may have told Hudson's counsel about the identity of the person who purportedly signed for a notice sent by Hudson. Likewise, this Court cannot consider allegations about the actions of Hudson and Heap in another case pending in Maryland.

Material facts are genuinely in dispute between Hudson and Aetna.

October 21, 1991

In reply to Mr. Harris's letter of October 15, 1991, the Court is of the opinion that:

1. The burden is upon Hudson to prove delivery of the materials.

2. No presumption of delivery of the materials arises as a result of Heap's admissions.

3. There is no burden upon Aetna to prove non-delivery of the materials.